IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERESA PATTERSON ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:18-cv-00611-SRW |
| v. ) | |
| ) | |
| PUBLIX SUPER MARKETS, INC.; ) | |
| NESTLE USA, INC.; ) | |
| NESTLE DREYER'S USA, INC. ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff files her First Amended Complaint to correctly name as a Defendant Nestle Dreyer's Ice Cream Company ("Nestle Dreyer's) in place of Nestle USA, Inc. ("Nestle") for damages and injuries related to a slip-and-fall accident that occurred on or about July 5, 2016. The only change in this Amended Complaint is to amend to name as party defendant Nestle Dreyer's Ice Cream Company in place of Nestle USA, Inc.

**PARTIES**

1. Plaintiff is an individual resident of Montgomery, Montgomery County, Alabama.

2. On information and belief, Defendant Publix is a foreign corporation operating retail grocery stores in Alabama at the time of the accident on July 5, 2016.

3. On information and belief, Defendant Nestle Dreyer's Ice Cream Company (Nestle Dreyer's) is a foreign Corporation operating directly or by agent in Alabama at the time of the

accident on July 5, 2016.

## JURISDICTION AND VENUE

4. Plaintiff is a citizen of Alabama, residing at 1831 James Avenue, Montgomery, Montgomery County, Alabama.

5. Defendant Publix is a foreign corporation with its primary place of business in Lakeland, Florida.

6. Defendant Nestle Dreyer's is a foreign corporation doing business in Alabama on or about July 5, 2016.

7. Based upon the preceding, diversity of citizenship exists, as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A).

8. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and the incident which forms the basis of this action occurred in this judicial district.

## FACTS

9. On or about July 5, 2016, Plaintiff Teresa Patterson was an invitee at Publix #1025 located at 4045 Atlanta Highway, Montgomery, Alabama.

10. On or about July 5, 2016, the Plaintiff slipped and fell due to a slippery substance on the floor at Publix and was seriously injured.

## COUNT ONE

11. The Plaintiff reavers all facts referenced in the foregoing paragraphs as if fully restated herein.

12. The Plaintiff's fall was the proximate result of the Defendant Publix's negligence and/or wantonness, in that said Defendant caused or allowed a slippery substance to exist upon the

floor of its store, and should have known through ordinary care of the existence of that substance, but failed to properly identify and remove that slippery substance.

13. Said premises were under the care and charge of Defendant Publix.

14. Defendant caused and/or allowed said slippery substance on the floor to remain in place regardless of the danger it posed for injury to the public, including the Plaintiff.

15. Plaintiff's fall was the proximate result of the Defendant's negligence and/or wantonness, in that said Defendant:

    A. Failed to provide adequate warning and/or mitigate the potential danger to the public;

    B. Failed to provide adequate equipment and/or protective devices if they could not remove the dangerous condition;

    C. Caused to occur and/or failed to remove, abate or mitigate a hazardous condition as evidence may show.

16. Defendant Publix knew or should have known of said dangerous condition.

17. At all times pertinent, the Defendant owed a duty to the public to keep the premises in a reasonably safe condition, and, if premises are unsafe, to warn of hidden defects and dangers that are known to Defendant but that are hidden or unknown to the public.

18. As a proximate result of the Defendant's said negligence and/or wantonness, the Plaintiff, Teresa Patterson, was caused to suffer right knee and back injuries, pain, suffering, and mental anguish.

19. The capacity of the Plaintiff to enjoy life and participate in social and physical activities in which she previously engaged was reduced immediately following the accident and may be permanently reduced.

20. The Plaintiff was caused to incur medical bills and other expenses due to her injuries.

**WHEREFORE**, the Plaintiff, Teresa Patterson**,** demands judgment against Defendant Publix for compensatory and punitive damages in an amount exceeding $75,000.00 as deemed appropriate by the jury, plus interest and Court costs.

## **COUNT II**

21. The Plaintiff reavers all facts referenced in the foregoing paragraphs as if fully restated herein.

22. The Plaintiff's fall was the proximate result of Defendant Nestle Dreyer's negligence and/or wantonness, in that said Defendant's agent or employee, while delivering goods to Publix, caused or allowed a slippery substance to occur on the floor of Defendant Publix's store.

23. Said slippery substance was a proximate cause of the Plaintiff's fall, injuries and damages.

24. Defendant Nestle Dreyer's knew or should have known through reasonable care that causing or allowing a slippery substance to occur on the floor of a Publix store was likely to cause serious injury.

25. Defendant caused and/or allowed said slippery substance on the floor to occur and remain in place regardless of the danger it posed for injury to the public, including the Plaintiff.

26. Plaintiff's fall was the proximate result of the Defendant Nestlé's negligence and/or wantonness, in that said Defendant:

    A. Caused a slippery substance to occur on the floor of Defendant Publix's store;

    B. Failed to provide adequate warning and/or mitigate the potential danger of said substance to the public;

C. Failed to remove, abate or mitigate a hazardous condition as evidence may show.

27. As a proximate result of the Defendant's said negligence and/or wantonness, the Plaintiff Teresa Patterson, was caused to suffer right knee and back injuries, pain, suffering, and mental anguish.

28. The capacity of the Plaintiff to enjoy life and participate in social and physical activities in which she previously engaged was reduced immediately following the accident and may be permanently reduced.

29. The Plaintiff was caused to incur medical bills and other expenses due to her injuries.

**WHEREFORE**, the Plaintiff, Teresa Patterson**,** demands judgment against Defendant Publix for compensatory and punitive damages in an amount exceeding $75,000.00 as deemed appropriate by the jury, plus interest and Court costs.

## COUNT III

30. The Plaintiff reavers all facts referenced in the foregoing paragraphs as if fully restated herein.

31. The negligence and/or wantonness of Defendant Nestle Dreyer's and Defendant Publix combined and concurred to proximately cause the previously described injuries and damages of the Plaintiff.

**WHEREFORE**, the Plaintiff, Teresa Patterson demands judgment jointly and severally against Defendants Publix and Nestle Dreyer's for compensatory and punitive damages in an amount exceeding $75,000.00 as deemed appropriate by the jury, plus interest and Court costs.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY AS TO ALL COUNTS**

                                                          */s/ Michael L. White*
                                                          MICHAEL L. WHITE (ASB-4263-W86M)
                                                          Attorney for Plaintiff

**OF COUNSEL:**

Floyd, Hunter, Kies & White, P.C.
P.O. Drawer 1227
Millbrook, Alabama 36054
Telephone:   (334) 285-4488
Facsimile:    (334) 285-4552
E-mail:       mwhite@floydhunter.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document via e-mail on this the 10th day of January, 2019, upon all interested parties.

Travis I. Keith
Gaines Gault Hendrix, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243
tkeith@ggh-law.com

Thomas Walker
H. Eli Lightner, II
White Arnold & Dowd, P.C.
2025 Third Avenue North, Suite 500
Birmingham, Alabama 35203
twalker@whitearnolddowd.com
elightner@whitearnolddowd.com

                                          /s/ Michael L. White
                                          OF COUNSEL